IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WALTER D. MCLAURIN, CHARLES MAGEE,**
**ELBERT MCLAURIN and E.J. FLOWERS,**
**TRUSTEES OF FRIENDSHIP BAPTIST CHURCH**               **PLAINTIFFS**

**V.**                              **CIVIL ACTION NO. 2:12cv235-KS-MTP**

**CHURCH MUTUAL INSURANCE COMPANY,**
**A FOREIGN INSURANCE CORPORATION**                     **DEFENDANT**

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion in Limine Regarding References to Replacement Truss Construction [58] and Motion in Limine Regarding Standard Building Code [60]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds as follows:

### Background

This is a dispute over property insurance coverage for damage to a church roof. In particular, the parties contest whether the scissor trusses supporting the roof structure failed as a result of a wind event or due to defective design/construction. The Plaintiffs take the former position and contend that coverage is owed under Insurance Policy No. 0160951-21-106985 (the "Policy"). (*See* Pls.' Mot. in Limine [60] at ¶ 1.) The Defendant Church Mutual Insurance Company ("Church Mutual") takes the latter position and asserts that coverage is excluded under two separate Policy provisions since "the trusses were 'faulty, inadequate, or defective' and failed because of a 'hidden or latent defect' in the design and manufacture of those trusses." (Def.'s Resp. to Mot. in Limine [63] at p. 1.)

**<u>Standard of Review</u>**

The United States Court of Appeals for the Fifth Circuit has provided the following guidance:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). Further, numerous federal courts have found "that motions *in limine* may be used to secure a pretrial ruling that certain evidence is admissible." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11cv58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases).

**<u>Motion in Limine Regarding References to Replacement Truss Construction [58]</u>**

In repairing the truss system at Friendship Baptist Church (the "Church" or "Insured Premises"), the Plaintiffs decided "to increase the size of the truss connection plate from 6 x 6 to 8 x 8 and to use SP grade No. 2 wood, as opposed to SP grade No. 3. wood." (Pls.' Mem. in Supp. of Mot. in Limine [59] at ¶ 2.) The Plaintiffs now request that Church Mutual be precluded from making any reference to the design or construction of the replacement trusses in front of the jury pursuant to Federal Rules of Evidence 402, 403, and 407. The Court finds that neither Rule 402 nor Rule 403 requires the exclusion of this matter from the jury. However, Rule 407 offers some aid to the Plaintiffs.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. The test for relevance is not stringent. *See EEOC v Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Plaintiffs argue that the upgrades to the truss system are not probative of whether the original truss system was faulty or defective. The upgrades do not constitute direct evidence of any defective design or construction with respect to the original truss system. However, the improvement of the truss system does lead to the logical inference that something was inadequate about the original one. In other words, the upgrades can be reasonably construed as "circumstantial evidence" that tends to make the alleged fact of faulty design/construction as to the original truss system more probable. *See United States v. Nicholson*, 525 F.2d 1233, 1239 n.3 (5th Cir. 1976) ("Circumstantial evidence . . . is evidence which, without going directly to prove the existence of the fact in issue, nevertheless gives rise to a logical inference that such fact does exist."). Faulty design/construction is certainly a fact of consequence in this action since Church Mutual asserts that there is no coverage under the Policy because "the loss was caused by defective roof trusses." (Def.'s Resp. to Mot. in Limine [64] at p. 1.) Therefore, references to the design or construction of the replacement trusses at the Insured Premises are not inadmissible under Rule 402.

Under Rule 403, the "court *may* exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). "Because Rule

403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly." *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996) (citations omitted). Plaintiffs argue that the presentation of evidence regarding upgrades to the truss system will result in unfair prejudice, and confuse and mislead the jury. In particular, the Plaintiffs contend that it would be improper to compare pre-Hurricane Katrina construction with recent construction techniques, and that "it is well known . . . the strength of lumber has decreased as a result of the way genetically modified trees are grown." (Pls.' Mot. in Limine [59] at ¶ 4.) These contentions, if proven,[1] may weaken the correlation between the subject evidence and a determination that the original truss system was defective. However, the contentions also weigh against any finding that it would be "unfair" for the jury to consider the evidence pursuant to Rule 403 since the Plaintiffs have the apparent ability to present competing considerations. Moreover, no showing has been made that the admission of the evidence would induce a jury verdict on an emotional basis, which is commonly associated with unfair prejudice under Rule 403. *See* Fed. R. Evid. 403 advisory committee's note.

The Plaintiffs also argue that the jury would be confused by the presentation of evidence regarding upgrades to the truss system because Church Mutual has admitted that the Policy provides coverage for wind damage notwithstanding the existence of defective design or construction. This argument may also weigh against the

---

[1] Plaintiffs fail to cite any evidence showing that the construction techniques associated with the replacement trusses resulted from Hurricane Katrina, or that genetically modified trees were used to supply the lumber for the replacement trusses.

effectiveness of the evidence at trial. However, it does not prove that wind damaged the Church roof and ultimately negate the applicability of the Policy exclusion for damage caused by defective design or construction. Taken to its logical extreme, Plaintiffs' argument would preclude Church Mutual from offering any evidence in support of this Policy exclusion at trial. The hypothetical threat of jury confusion does not warrant this result. In sum, Plaintiffs' conclusory and speculative assertions of unfair prejudice and jury confusion fail to warrant the "extraordinary measure" of the Court excluding relevant evidence under Rule 403. *Morris*, 79 F.3d at 412.

> Rule 407 provides:
>
> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> • negligence;
>
> • culpable conduct;
>
> • a defect in a product or its design; or
>
> • a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or–if disputed–proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407. The advisory committee notes explain that the Rule is grounded on the "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407 advisory committee's note. Plaintiffs anticipate that Church Mutual will attempt to introduce evidence of the truss design and construction changes in violation of the Rule. In support of this contention, Plaintiffs cite to a report from one of Church Mutual's experts, stating in

pertinent part that the upgrades to the truss system "impl[y] that the original trusses were inadequate." (Doc. No. [59-1] at p. 3.) The Court agrees that this expert opinion and any other similar statements are excluded under Rule 407. Church Mutual will be precluded from presenting evidence of changes to the truss system in order "to prove . . . a defect in . . . [the system] or its design". Fed. R. Evid. 407. The Court's prior relevance determination does not alter this result. *Cf.* 2-407 *Weinstein's Federal Evidence* § 407.03 ("Under the liberal theory of relevancy embodied in *Rule 401*, circumstantial evidence of 'subsequent remedial measures' is relevant on the issue of negligence or culpability.").

Church Mutual argues that Rule 407 does not preclude evidence of the truss changes for two purposes: (i) establishing the applicability of the Standard Building Code (the "SBC"); and (ii) impeaching the deposition testimony of Plaintiffs' expert, Samuel Schrader. Neither contention is well taken. It is unclear to the Court how the Plaintiffs' upgrade of certain truss materials in 2012 establishes that the Insured Premises had to be built in accordance with the SBC in 1998. More importantly, the only reason Church Mutual raises the issue of the SBC is to support its position that the roof trusses were defective, resulting in the exclusion of coverage under the Policy. "In essence, the roof trusses, as manufactured, were not centered, applied crooked, and the design of the trusses did not comply with the minimum loads required by the applicable building code." (Def.'s Resp. to Mot. in Limine [64] at p. 1.) "The building codes will be a relevant, and essential, part of" proving that "the trusses were 'faulty, inadequate, or defective' and had a 'hidden or latent defect.'" (Def.'s Resp. to Mot. in Limine [63] at p. 2.) Therefore, Church Mutual asserting that the SBC applied to the

Insured Premises is essentially the same thing as Church Mutual asserting that the roof trusses were inadequate or defective. Church Mutual's SBC applicability "argument is but a semantic manipulation, and must therefore be rejected" under Rule 407. *Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1011 (5th Cir. 1989) (affirming the trial court's exclusion of evidence of subsequent remedial measures).[2]

Church Mutual's impeachment argument is tortuous to say the least. Church Mutual cites to the following deposition question and answer in support of the argument:

> Q: And if you were designing this truss, you would put an 8 x 8 connection there, wouldn't you?
>
> A. I would. And the truss -- the TPI Plate -- Truss Plate Institute allows that. There's an article in there that says that it's acceptable to increase the size over and above the normal if you want to do it, as long as it doesn't interfere with the other. So, you know, they allow that without any question.

(Schrader Dep. [64-5] 78:10-17.) From this, Church Mutual contends that Mr. Schrader testified "that the standards applicable to this truss system would not *require* Friendship Baptist to replace the previous truss system with one of superior quality." (Def.'s Resp. to Mot. in Limine [64] at pp. 4-5.) Church Mutual then argues that Mr. Schrader's "assertion is decidedly false", and that evidence of the truss upgrades is necessary to impeach Mr. Schrader's testimony. (Def.'s Resp. to Mot. in Limine [64] at p. 5.)

---

[2] No prejudice should befall Church Mutual as a result of this determination. Church Mutual argues that the following circumstances support its position that the SBC applied to the Church at the time of construction: (i) Sammy Davis's deposition testimony that he built the Church in accordance with the SBC; (ii) the truss manufacturer's design of the trusses pursuant to the SBC; and (iii) Plaintiffs' expert's reliance "upon the building codes in connection with his expert reports and opinions." (Def.'s Resp. to Mot. in Limine [64] at p. 2.) None of these circumstances appear to fall under the scope of Rule 407's prohibition against evidence of subsequent remedial measures.

First, the upgrades to the truss system at the Insured Premises comport with, as opposed to impeach or contradict, Mr. Schrader's actual testimony "that it's acceptable to increase the size over and above the normal if you want to do it . . . ." (Schrader Dep. [64-5] 78:10-17.)  Second, even if Church Mutual's interpretation of Mr. Schrader's testimony were sound and did not require speculative assumptions, evidence of the truss upgrades would fall outside of Rule 407's impeachment exception.  At most, the upgrades would weigh on the credibility of the testimony, as spun by Church Mutual. More is required to authorize impeachment and avoid Rule 407 in the Fifth Circuit.  *See Reddin v. Robinson Prop. Group Ltd. P'ship*, 239 F.3d 756, 760 (5th Cir. 2001) (affirming the trial court's Rule 407 exclusionary ruling where the subject measures merely touched on the credibility of testimony); *cf. Muzyka v. Remington Arms Co.*, 774 F.2d 1309, 1313-14 (5th Cir. 1985) (holding that the jury should have been allowed to hear evidence of a design change to a rifle, which would have impeached expert testimony to the effect that the rifle "embodied the ultimate in gun safety" and was "*the* best and *the* safest rifle of its kind on the market").  Church Mutual presents no testimony from Mr. Schrader lauding the original truss system as the best and safest of its kind.  The Fifth "Circuit has held that 'the trial judge should guard against the improper admission of evidence to prove prior negligence under the guise of impeachment.'" *O'Neal v. City of San Antonio*, 344 Fed. Appx. 885, 888 (5th Cir. 2009) (quoting *Hardy*, 870 F.2d at 1011).  The Court sees no reason why the rule should be any different where a party attempts to present evidence to prove "a defect in a product or its design" under the guise of impeachment.  Fed. R. Evid. 407.

Notwithstanding the foregoing, circumstances may arise at trial that permit the admission of evidence regarding the replacement trusses for purposes not excluded by Rule 407. For instance, the difference between the cost of the replacement trusses and what it would have cost to rebuild the trusses to their original design specifications may be relevant for purposes of damages. Also, proof of the replacement trusses may be necessary to impeach the trial testimony of a witness. The Court will thus defer from issuing a blanket exclusionary ruling regarding the subject evidence at this time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' Motion in Limine Regarding References to Replacement Truss Construction [58] is granted in part and denied in part. Church Mutual is prohibited from making any reference to the design or construction of the replacement trusses at the Insured Premises to prove that the original truss system was inadequate or defective; to establish the applicability of the Standard Building Code to the original construction of the truss system; and to impeach the above-quoted deposition testimony of Samuel Schrader. If Church Mutual seeks to introduce evidence of the replacement trusses at trial for any other purpose, it shall give notice of its intention outside the presence of the jury. The Court will then hear any objections and issue a ruling without the jury being present.

<u>**Motion in Limine Regarding Standard Building Code [60]**</u>

Plaintiffs seek an order barring Church Mutual from making any reference to the Standard Building Code or any other building code in front of the jury. Plaintiffs contend that building codes are irrelevant to any issue in this case or, in the alternative, that evidence of building codes would cause prejudice, confuse the issues, mislead the jury,

and result in unnecessary delay or waste of time. Upon review of the Plaintiffs' arguments supporting these contentions and Church Mutual's counter-arguments, the Court finds that the motion should be denied. Proof that the original truss system failed to comply with an applicable building code would rationally bear upon the issue of whether the trusses were inadequate or defective, which is central to the coverage question underlying this dispute. Therefore, the not so stringent standard for relevancy under Rule 401 is met. Plaintiffs fail to show that any Rule 403 danger substantially outweighs the probative value of the evidence. Instead, the Plaintiffs largely argue points that *may* lead the jury to conclude that coverage exists notwithstanding any building code. Furthermore, no showing has been made that mere reference to the building codes would be so prejudicial to the Plaintiffs that a timely objection or limiting instruction could not overcome the prejudicial effect on the jurors' minds. *See O'Rear*, 554 F.2d at 1306 n.1.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion in Limine Regarding Standard Building Code [60] is denied without prejudice to the Plaintiffs' ability to assert specific objections at trial.

SO ORDERED AND ADJUDGED this the 22nd day of January, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE